# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2046

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Samuel Khabeer, Sr., | * | |
| | * | |
| Appellant. | * | |

_____        Appeal from the United States
                                 District Court for the

No. 04-2091                       Eastern District of Arkansas.

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| Karen Cox Khabeer, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 12, 2005
Filed: December 21, 2005

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In a previous opinion, *United States v. Khabeer*, 410 F.3d 477 (8th Cir. 2005), we remanded this case to the district court for the limited purpose of making findings of fact as to whether the decision of police officers to seek a search warrant for the residence of the appellants, Samuel Khabeer, Sr., and Karen Cox Khabeer, was prompted by what Officer Scott Miller had observed during his initial entry into the residence without a warrant. *See Murray v. United States*, 487 U.S. 533, 542 (1987). We retained jurisdiction to consider the case further after receiving additional findings from the district court. The district court, on remand, found that "the affidavit and warrant were not bottomed upon (even in part) any of Officer Miller's observations." (Order of Sept. 14, 2005). Having reviewed the record, we conclude that the district court's finding that the decision to seek the warrant was not prompted by Miller's observations is consistent with the testimony of both Officer Miller and the affiant, Detective Cole Dearing, and the district court's determination to credit that testimony is not clearly erroneous. Because the affidavit did not make reference to Officer Miller's observations, yet included probable cause for the search based on information from other sources, the evidence seized pursuant to the warrant is admissible under the independent source doctrine despite Miller's entry. *Murray*, 487 U.S. at 542. Accordingly, we conclude that the district court properly denied the appellants' motion to suppress.

The Khabeers also argue that the cases should be remanded for resentencing, because the district court imposed sentence under the mandatory sentencing guidelines based on facts that were found by the court at sentencing. There was no objection at sentencing based on the Sixth Amendment or the use of mandatory guidelines, so we review the sentences under the plain error standard. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). Having reviewed the record as a whole, we note that the district court did not even exercise its discretion under the then-mandatory guidelines to sentence either defendant at the bottom of the applicable

guideline range, and we conclude that the Khabeers have not established a reasonable probability that the district court would have imposed a more favorable sentence under the advisory guideline scheme announced in *United States v. Booker*, 543 U.S. 220 (2005). Consequently, they are not entitled to relief under *Pirani*, 406 F.3d at 551, and the judgments of the district court are affirmed.

_____